**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LORI HOLYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-7403 |
| v. | ) | |
| | ) | Judge April M. Perry |
| COOK COUNTY, a unit of local | ) | |
| government, d/b/a COOK COUNTY | ) | |
| HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Lori Holyfield ("Plaintiff") brings this employment discrimination and

retaliation case against Cook County ("Defendant") under the Age Discrimination in

Employment Act ("ADEA"), the Illinois Human Rights Act ("IHRA"), and 42 U.S.C. § 1983

("Section 1983"). Specifically, Plaintiff asserts claims of age discrimination in violation of the

ADEA (Count I), racial discrimination in violation of the IHRA (Count II), retaliation in

violation of the IHRA and ADEA (Count III),[1] gender discrimination in violation of the IHRA

(Count IV), and racial discrimination in violation of the Equal Protection Clause and Section

1983. Doc. 24 ¶¶ 45–85. Defendant moved for dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(6). Doc. 30. Given that part of Defendant's motion rested on an exhibit outside

of the pleadings, the Court gave the parties notice of its intention to convert that portion of

---

[1] For Count III, Plaintiff writes "[t]his being a clear violation of IHRA as it relates to her complaints and title IV and ADEA." Doc. 24 ¶ 68. The Court recognizes that "title IV" was likely intended to be Title VII. However, given that that both Title VII and the ADEA require that claimants exhaust all administrative remedies with the Equal Employment Opportunity Commission before filing suit and then file suit within 90 days, the Court's below analysis would not change even if Plaintiff had pled a violation of Title VII. *See* 42 U.S.C. § 2000e-5(b), (e), (f)(1); 29 U.S.C. § 626(e).

Defendant's motion to a motion for summary judgment. Doc. 36. The parties then were given an

opportunity to present all pertinent material on the issue of the timeliness of the federal claims,

*see* Federal Rule of Civil Procedure 12(d), and submitted statements of undisputed material facts

and accompanying exhibits. Docs. 39, 45. For the following reasons, the Court concludes that the

federal claims are untimely and grants partial summary judgment to Defendant and dismisses the

remaining claims.

## BACKGROUND

According to the amended complaint, Plaintiff is a Black female over the age of 40. Doc.

24 ¶ 33. Plaintiff was hired by Defendant in April 2008 and worked for Cook County Health as a

pharmacist. *Id.* ¶ 32. Plaintiff describes herself as a "well-qualified pharmacist" who adheres to

relevant policies and procedures and is respected by patients and other medical professionals. *Id.*

¶ 31. Despite this, Plaintiff alleges that she has been repeatedly targeted for discipline compared

to her non-Black, younger, male counterparts. *Id.* Plaintiff's amended complaint also includes

allegations that Defendant's misconduct extends beyond her and that "Defendant has an

established policy, custom, or practice that allows racial discrimination and retaliation against

Black employees." *Id.* ¶ 80.

Plaintiff's amended complaint alleges a series of instances of discriminatory and

retaliatory conduct by her supervisors that occurred between February 2022 and September

2022. For example, the complaint alleges that in February 2022, John Busker ("Busker"), a white

supervisor, scolded Plaintiff "in a manner that was demeaning and intended to embarrass her in

front of her colleagues," and that in May 2022, Busker was "unnecessarily confrontational" with

Plaintiff. *Id.* ¶¶ 18–19. As another example, on July 12, 2022, Busker "spoke aggressively" to

and "raised his voice" at Plaintiff while she was attempting to perform her duties. *Id.* ¶ 20. The following day, Busker directed another employee to monitor Plaintiff's work. *Id.*

On August 16, 2022, Plaintiff filed a union grievance against supervisor Jaison Varghese ("Varghese"). *Id.* ¶ 15. Later that week, Plaintiff attended an Equal Employment Opportunity meeting with Richard Meier ("Meier") to address issues of discrimination. *Id.* ¶ 16. On August 22, 2022, Plaintiff sent two emails to Meier alleging age, race, and sex discrimination, specifically complaining about Busker. *Id.* ¶ 17.

Plaintiff alleges that a deliberate campaign of harassment and retaliation followed her complaints about Varghese and Busker. *Id.* ¶¶ 21-22. On August 27, 2022, Plaintiff worked a Saturday shift and was assigned to the narcotics desk, to which she was not routinely assigned. *Id.* ¶¶ 28, 74. Plaintiff alleges that Varghese and another technician allowed the narcotics prescriptions to accumulate over Plaintiff's lunch break. *Id.* ¶ 27. When Plaintiff attempted to fill the accumulated prescriptions, Varghese accused "Plaintiff of not doing her job" and proceeded to demand that non-urgent prescriptions be filled immediately. *Id.* ¶¶ 28-29. Busker later agreed with Varghese's assessment, accusing Plaintiff of having been insubordinate. *Id.* ¶¶ 29-30. On September 13, 2022, Varghese issued Plaintiff a written warning based on her conduct from August 27. *Id.* ¶ 37.

On June 26, 2023, Plaintiff filed an EEOC and IDHR charge of harassment and discrimination against Defendant based on "race, age, and sex" and retaliation for engaging in protected activities. Doc. 39-2 at 31; Doc. 45 at 2. The EEOC issued its "Determination and Notice of Rights" on June 27, 2023. Doc. 39-2 at 18; Doc. 45 at 2. The IDHR issued its "Notice of Substantial Evidence and Notice of Dismissal" on May 13, 2024. Doc. 2 at 3-37. Plaintiff claims to have received the IDHR notice approximately one week after it was sent. Doc. 24 ¶ 11

(averring it was received "over a week after it was dated"); Doc. 34-1 (declaring IDHR letter was received "one week later, on May 20, 2024.").

Plaintiff filed this action on August 16, 2024 and amended her complaint on March 11, 2025. Docs. 1, 24.

## LEGAL STANDARD

Summary judgment is proper when the movant shows that there is no genuine dispute of material fact such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Although the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, the party that bears the burden of proof must present facts showing there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmovant must show more than metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). While the court must construe the facts in the light most favorable to the nonmovant and draw all reasonable inferences in her favor, this obligation does not extend to drawing inferences that are supported by only speculation or conjecture. *See Swetlik v. Crawford*, 738 F.3d 818, 829 (7th Cir. 2013).

## ANALYSIS

Defendant challenges the complaint on numerous grounds, but for the purposes of this opinion the Court focuses on Defendant's argument that all of the federal claims in the amended complaint are untimely.

4

Before filing suit under the ADEA, a plaintiff must first file a charge with the EEOC. 29 U.S.C. § 626(d)(1). This charge must be filed within 300 days of the alleged unlawful employment practice. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004) ("In Illinois, an employee may sue under the ADEA ... only if [she] files a charge of discrimination with the EEOC within 300 days of the alleged 'unlawful employment practice'"). Once the EEOC issues a right-to-sue letter, the ADEA requires the plaintiff to file suit within ninety days. *See Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). The ninety-day period begins to run once the plaintiff has actual notice of the letter. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). When there is no evidence as to when the letter was received, a plaintiff is presumed to have received notice within approximately one week from the issuance of the notice. *See Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) (applying five-day presumption of receipt in the context of a Social Security Administration determination appeal); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123-25 (9th Cir. 2007) (holding there is a rebuttal presumption of receipt of an EEOC notice within three days); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (collecting cases with presumptions of receipt between three to seven days); *Banks v. Rockwell Intern.*, 855 F.2d 324, 326 (6th Cir. 1988) (applying a five-day presumption of receipt). The 90-day deadline is a condition precedent to filing suit, similar to a statute of limitations. *See Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1991).

In this case, the parties agree that the EEOC issued its "Determination and Notice of Rights" to Plaintiff on June 27, 2023. Doc. 45 at 2. It appears from Defendant's exhibit in support of summary judgment that Plaintiff downloaded the notice that same day. *See* Doc. 39-2 at 11 (noting "The Charging Party has Downloaded" the "Closure Notice" on June 27, 2023).

But even if this Court applies a seven-day presumption of receipt – the longest presumption any case law supports and longer than the Seventh Circuit has given in an analogous context – Plaintiff's lawsuit would have needed to be filed by October 2, 2023. However, Plaintiff's complaint was not filed until August 16, 2024, and was therefore untimely by more than ten months.[2]

Plaintiff attempts to salvage her ADEA claims by arguing that the IDHR's later notice of right to sue restarted the 90-day clock for her ADEA claims. This is not the case. 29 U.S.C. § 626(e) states explicitly that a civil action may be brought "within 90 days after the date of the receipt" of the notice from the EEOC, not any other adjudicative body. When "a plaintiff receives an IDHR right-to-sue letter after an EEOC letter, this does not reset the filing period triggered by the EEOC letter." *Bell v. Loyola Univ. Med. Ctr.*, No. 17-CV-2783, 2018 WL 4030582, at *3 (N.D. Ill. Aug. 23, 2018). Plaintiff's ADEA claims are therefore untimely.[3]

Plaintiff's only remaining federal claim is brought under Section 1983. A cause of action may be brought under Section 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Cook County is considered a "person" under Section 1983. *See Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016). However, to plead a Section 1983 claim against a municipality, a plaintiff must allege facts that "plausibly suggest that: (1) she was deprived of a constitutional right; (2) the deprivation can be traced to some municipal action (i.e., 'a policy or custom'), such

---

[2] Plaintiff agrees that a three- to seven-day presumption of actual notice is supported by the case law. Doc. 34 at 3.

[3] To the extent Plaintiff intended to allege a violation of Title VII, this claim would similarly be untimely.

that the challenged conduct is properly attributable to the municipality itself; (3) the policy or custom demonstrates municipal fault, i.e., deliberate indifference; and (4) the municipal action was the moving force behind the federal-rights violation." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023). Three types of municipal actions support liability: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* State law provides the relevant statute of limitations for Section 1983 claims, *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022), which in Illinois is two years. *Towne v. Donnelly*, 44 F.4th 666, 670 (7th Cir. 2022). Accrual of a Section 1983 claim is governed by federal law and occurs "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Milchtein,* 42 F.4th at 822.

There are two significant problems with Plaintiff's Section 1983 claim. First, Plaintiff only pleads facts about her own allegedly unconstitutional treatment. However, "it is clear that a single incident – or even three incidents – do not suffice" to establish a widespread custom or practice for the purposes of establishing municipal liability. *Wilson v. Cook County*, 742 F.3d 775, 780 (7th Cir. 2014). Nor do Plaintiff's legal conclusions that "Defendant has an established policy, custom, or practice that allows racial discrimination and retaliation against Black employees," Doc. 24 at 16, allege a plausible claim of municipal liability, because threadbare recitals of the elements of a cause of action coupled with conclusory statements are not sufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, the chart that Plaintiff includes in the complaint showing that between October 2021 and September 2022 Defendant disciplined five Black females and two non-Black males, Doc. 24 at 11-12, does not

add anything to the analysis, as there are no details about what these employees were disciplined

for, what the discipline entailed, whether the discipline was unwarranted, what the racial

demographics of the pharmacy department were, or anything else that would plausibly establish

that these seven examples demonstrate discrimination. Plaintiff does not need to plead

particularized facts, but the allegations in the complaint must be sufficient to "raise a right to

relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At this

point, they do not do so. Were the Court to allow Plaintiff to amend the complaint, the amended

complaint would need to demonstrate "a widespread practice [of discrimination] that is so

permanent and well-settled that it constitutes a custom or practice," such that municipal liability

against Defendant would be appropriate. *See Thomas*, 74 F.4th at 524.[4]

But this brings us to the second problem with Plaintiff's Section 1983 claim, which is that

it is barred by the statute of limitations. The latest wrongful conduct alleged by Plaintiff occurred

in September 2022. Meanwhile, Plaintiff's first allegation of a pattern and practice of

unconstitutional behavior by Defendant was not until the filing of the amended complaint in

March 2025. Plaintiff acknowledges both that the applicable statute of limitations is two years

and also that the amended complaint was filed more than two years after the discriminatory

conduct, but argues that her Section 1983 claim is timely as it should relate back to the date the

original complaint was filed.

Rule 15(c)(1)(B) states that an "amendment to a pleading relates back to the date of the

original pleading when … the amendment asserts a claim or defense that arose out of the

conduct, transaction, or occurrence set out—or attempted to be set out—in the original

---

[4] There is no indication that Plaintiff could or wishes to allege an express policy of discrimination or that the constitutional injury was caused by a person with final policymaking authority, the two other avenues for municipal liability under Section 1983.

pleading." Fed. R. Civ. P. 15(c)(1)(B). The "criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that [it] shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Marshall v. H & R Block Tax Servs., Inc.*, 564 F.3d 826, 829 (7th Cir. 2009). Although legal theories may change, relation back is not appropriate if the scope of liability is significantly more extensive in an amended complaint. *Id.*

Comparing the original complaint to the amended complaint, the Court concludes that Rule 15(c)(1)(B) does not apply. Plaintiff's original complaint focused only on her own mistreatment, alleging that she was "singl[ed] …out for public rebuke *in a manner that was not applied to others*" and "consistently *subjected to different terms and conditions compared to her colleagues*." Doc. 1 ¶¶ 13, 26 (emphasis added). There was not a hint in the original complaint that other colleagues were being similarly discriminated against. Moreover, the timeframe of Plaintiff's allegations in the original complaint was short, alleging misconduct from February 2022 to September 2022, and the wrongdoers in the original complaint were alleged to be Plaintiff's supervisors Varghese and Busker. *See, e.g.,* Doc. 1 ¶ 16 ("Varghese…engaged in a deliberate campaign of harassment against Plaintiff") ¶¶ 17-18 (referring to "his retaliation"); ¶ 25 ("Varghese's actions were further endorsed by John Busker"). In sum, there is nothing in the original complaint that would indicate that Cook County was named as a defendant for any reason other than its *respondeat superior* liability for the actions of Varghese and Busker, based upon their treatment of Plaintiff over the course of seven months in 2022. *See Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir. 1990) (ADEA actions allow *respondeat superior* liability by employer).

9

In contrast, Plaintiff's amended complaint alleges that Defendant "engaged in a persistent and systematic campaign of discrimination against Black women, particularly those over 40, by subjecting them to disparate treatment, creating a hostile work environment, and retaliating against them for asserting their rights." Doc. 24 at 1. Instead of *respondeat superior* liability for the actions of two supervisors, Defendant is now facing liability of its own. Instead of discovery limited to Plaintiff's discipline, all of Defendant's disciplinary decisions are now at issue. And though the ADEA does not allow punitive damages or damages for mental anguish, Section 1983 allows for both. Thus, the scope of liability, discovery, and damages have increased dramatically with the addition of the Section 1983 claim, in a way Defendant had no notice of from the original complaint.[5] For these reasons, the Court does not find that the amended complaint relates back to the original complaint, and the Section 1983 claim is therefore barred by the statute of limitations.

With all of Plaintiff's federal claims time barred, only the IHRA claims in Counts II-IV remain. A federal court "may decline to exercise supplemental jurisdiction" over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Accordingly, this Court declines to exercise supplemental jurisdiction over the remaining state law claims. The Court therefore dismisses the state law claims without prejudice for lack of jurisdiction.

---

[5] All of the cases cited by Plaintiff on this issue are distinguishable, given that none involved an increase in the number of victims, relevant discovery, or scope of damages between the original and amended complaints. *See, e.g.,Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 410 (7th Cir. 1989) (Title VII claims found to relate back to IHRA claims "[b]ecause the Title VII and IHRA claims are based upon identical facts and circumstances"); *Molokwu v. City of New York*, 2000 WL 1056314, at *1 (S.D.N.Y. Aug. 1, 2000) (noting that plaintiff's Title VII claim could relate back to her Section 1981 claim because both arose "out of the same facts and the original complaint provided the defendants with notice of the substance of [plaintiff's] allegations"); *Wilburn v. Dial Corp.*, 724 F. Supp. 530 (W.D. Tenn. 1989) (holding that plaintiff's Title VII claim related back to her Section 1981 claim); *Boddy v. Dean*, 821 F.2d 346 (6th Cir. 1987) (plaintiff's retaliation charge related back to her sexual harassment charge).

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment as to the timeliness of the federal claims is granted. The Court dismisses the state law claims without prejudice.

Dated: December 4, 2025

_____
APRIL M. PERRY
United States District Judge